SYLVESTER & POLEDNAK, LTD.
ALLYSON R. NOTO, ESQ.
Nevada Bar No. 8286
1731 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
Email: allyson@sylvesterpolednak.com
*Attorneys for Plaintiff Celtic Bank Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CELTIC BANK CORPORATION, successor-in-interest to SILVER STATE BANK by acquisition of assets from the FDIC as Receiver for Silver State Bank, a Utah banking corporation organized and in good standing under the laws of the State of Utah,<br><br>Plaintiff,<br><br>v.<br><br>MARK LEE BLACKWELL, an individual; BLACKWELL GENERAL ENGINEERING, INC., a California corporation; BLACKWELL ENVIRONMENTAL, LLC, a domestic limited liability company; LAS VEGAS PIPELINE, LLC, a domestic limited liability company; and DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00914-GMN-CWH<br><br>**STIPULATION AND ORDER TO STAY PROCEEDINGS** |

CELTIC BANK CORPORATION, successor-in-interest to SILVER STATE BANK by acquisition of assets from the FDIC as Receiver for Silver State Bank, a Utah banking corporation organized and in good standing under the laws of the State of Utah ("***Celtic Bank***" or "***Plaintiff***"), by and through its attorney of record Allyson R. Noto, Esq., of the law firm of Sylvester & Polednak, Ltd., and MARK LEE BLACKWELL ("***Blackwell***"); BLACKWELL GENERAL ENGINEERING, INC. ("***Blackwell Engineering***"); BLACKWELL ENVIRONMENTAL, LLC ("***Blackwell Environmental***"), and LAS VEGAS PIPELINE, LLC

1

("***LV Pipeline***"), by and through its counsel of record, Sheldon A. Herbert, Esq. of the law firm of Smith & Shapiro, hereby stipulate and agree as follows:.

## RECITALS

1. WHEREAS, on or about January 18, 2006, Gibson Road, LLC ("***Gibson Road***") was the owner of that certain property located at 181 North Gibson Road, Henderson Nevada (the "***Property***").

2. WHEREAS, Gibson Road borrowed approximately $748,000 from Silver State Bank (the "***Original Lender***") and executed a Promissory Note (the "***Note***"). As security for the Note, Gibson Road also executed and recorded a Deed of Trust against the Property in favor of the Original Lender (the "***Deed of Trust***").

3. WHEREAS, the Property was subject to certain Covenants, Conditions and Restrictions, which, among other things, required periodic payments by the Property Owner to an Association (the "***Association***").

4. WHEREAS, on or about April 17, 2014, the Association recorded a Foreclosure Deed (the "***Foreclosure Deed***") purportedly conveying title to the Property to Vegas United Investment Series 105, Inc. ("***Vegas United Investment***").

5. WHEREAS, on November 25, 2015, Plaintiff filed a complaint against Vegas United Investment (the "***State Court Action***"), wherein Plaintiff sought to conduct a judicial foreclosure against the Property based upon the Deed of Trust recorded against the Property by Gibson Road, LLC ("***Gibson Road***").

6. WHEREAS, on September 5, 2017, a Notice of Entry of Findings of Facts and Conclusion of Law was entered in the State Court Action, which allowed Plaintiff to move forward with a judicial foreclosure against the Property.

7. WHEREAS, on September 28, 2017, Vegas United Investment filed a Notice of Appeal (the "***Appeal***"), wherein Vegas United Investment is seeking to overturn the Findings of Facts and Conclusions of Law entered in the State Court Action.

8. WHEREAS, the Appeal is still pending in front of the Nevada Supreme Court.

9. WHEREAS, on or about May 18, 2018, Plaintiff filed its Complaint against Blackwell, Blackwell Engineering, Blackwell Environmental and LV Pipeline (the "*Federal Court Action*").

10. WHEREAS, the outcome of the Appeal will have a significant impact on the Federal Court Action, as the basis of the Federal Court Action will be directly affected by the Nevada Supreme Court's decision on the Appeal.

11. WHEREAS, all parties agree that it is not in the best interest of the parties, or of the Court's time and resources, to move forward with the Federal Court Action until the outcome of the Appeal is known.

12. NOW THEREFORE, based upon the forgoing, IT IS HEREBY STIPULATED and AGREED that this, the Federal Court Action, shall be stayed pending the final disposition of the Appeal, or until either party files a motion seeking to move forward with the present action.

DATED this ___ day of September, 2018.　　　DATED this ___ day of September, 2018.

By_____　　　　　　　　By_____
Allyson R. Noto, Esq.　　　　　　　　　　　　James E. Shapiro, Esq.
SYLVESTER & POLEDNAK, LTD.　　　　　　Sheldon A. Herbert, Esq.
1731 Village Center Circle　　　　　　　　　SMITH & SHAPIRO
Las Vegas, NV 89134　　　　　　　　　　　　3333 E. Serene Ave., Suite 130
*Attorney for Plaintiff*　　　　　　　　　　　Henderson, Nevada 89074
　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants*

## ORDER

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that this matter shall be STAYED and held in abeyance pending a final disposition of the Appeal, or until either party files a motion with the Court seeking to move forward notwithstanding the pending Appeal.

IT IS FURTHER ORDERED that the parties must file a joint status report by December 6, 2018.

DATED: September 6, 2018

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

**SYLVESTER & POLEDNAK**

By_____
Allyson R. Noto, Esq.
SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, NV 89134
*Attorney for Plaintiff*

4